FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 3 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| PATRICIA LOCKETT,<br><br>Petitioner,<br><br>v.<br><br>SAN BERNARDINO COUNTY JAIL, et al.,<br><br>Respondent. | No. EDCV 07-1589-DSF (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge, except notes that the word "violation" should be added at the end of line 15 on the third page.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: 4-30-08

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA LOCKETT,<br><br>    Petitioner,<br><br>    v.<br><br>SAN BERNARDINO COUNTY JAIL, et al.<br><br>    Respondents. | NO. EDCV 07-1589-DSF (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Dale S. Fischer, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus be granted.

///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

Pursuant to 28 U.S.C. § 2241, Petitioner filed a petition for writ of habeas corpus on December 4, 2007. She named as respondents the San Bernardino County Jail ("SBCJ") and the Bureau of Prisons. On December 17, 2007, the Court filed a minute order in which Petitioner was given 30 days to amend her petition if she wished to challenge her placement pursuant to 18 U.S.C. § 3621(b).

On January 7, 2008, Respondent Federal Bureau of Prisons ("Respondent") filed a motion to dismiss ("MTD") on two grounds: (1) the petition fails to state a cognizable habeas claim; and (2) the petition is unexhausted. Petitioner filed an opposition on January 14, 2008. On January 24, 2008, Petitioner filed a letter complaining about conditions at SBCJ. Petitioner did not amend her petition in response to the Court's December 17, 2007, order.

This matter was taken under submission and is now ready for decision.

II.

## ALLEGATIONS IN PETITION

The federal prison in Victorville, California, housed Petitioner at SBCJ because they do not have an appropriate housing unit at the Victorville facility. Petitioner is serving a 24.5 year sentence. The officers at SBCJ "practice racism." Petitioner has no access to a law library. Petitioner has been unable to practice her Islamic beliefs. Petitioner has filed grievances regarding these allegations.

Petitioner seeks damages for these alleged constitutional violations.

III.

## DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser*, 411 U.S. at 498-99), *cert. denied sub nom. McEnroe v. Ramirez*, 541 U.S. 1063 (2004).

Respondent argues that Petitioner's claim is not cognizable under habeas because Petitioner does not challenge the fact or length of her confinement. (MTD at 2-3.) Petitioner addressed only the exhaustion issue in her opposition and did not argue that the Court has habeas jurisdiction.

Petitioner's claim is not cognizable under habeas.[1] She challenges only the conditions of her confinement at the jail. None of the alleged constitutional would affect the length of her confinement or the lawfulness of her conviction. A plaintiff alleging a constitutional violation by a *federal* actor has a right of action under *Bivens v. Six Unknown Fed. Narcotic Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). By contrast, a plaintiff alleging constitutional violations by a *state* actor has a right of action under 42 U.S.C. § 1983. *Kreines v. United States*, 959 F.2d 834, 837 (9th Cir. 1992) ("A *Bivens* suit differs from a § 1983 suit only in that a federal, rather than a state, defendant is sued") (citation omitted); *see also Jacobson v. Tahoe Regional Planning Agency*, 566 F.2d 1353, 1364 (9th Cir. 1977) ("the major difference between a § 1983 claim and a *Bivens* claim is that, where the constitutional

---

[1] Because the Court lacks jurisdiction, it need not reach the exhaustion issue.

infringer has acted under color of state law, § 1983 is applicable and where the constitutional infringer acts under color of federal law, a *Bivens* action can lie"), *rev'd in part on other grounds sub nom. Lake County Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391 (1979); *Sandeford v. Plummer*, 2007 WL 4557795, *2 (N.D. Cal. 2007) (construing Plaintiff's claims against the federal actor under *Bivens* and the claims against defendants "who are not federal actors under 42 U.S.C. § 1983").

Accordingly, this Court does not have jurisdiction to consider the petition. If Petitioner wishes to pursue a civil rights action, a blank civil rights complaint form has been provided for her convenience.[2]

## IV.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing the petition without prejudice.

DATED: January 31, 2008

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[2] The Court expresses no comment about the merits of any civil rights action.

Case 5:07-cv-01589-DSF-AGR   Document 28   Filed 04/30/08   Page 6 of 6   Page ID #:92

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.